parts sold and delivered, where the defendant was a seller of plaintiff's automobiles in a certain territory under a contract with a third party who was also a seller of plaintiff's automobiles in a certain district, including such territory, under a contract with the plaintiff, *held* that defendant would not be entitled to set off against plaintiff's claim a deposit made by him with such third party under his contract with the latter.

---

## P. N. Jones, Appellee, v. Granite Live Stock Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1916. Reversed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by P. N. Jones, plaintiff, against Granite Live Stock Insurance Company, defendant, to recover $1,500 paid on the purchase of ten shares of defendant's capital stock, with interest. From a judgment for plaintiff for $1,585.21, defendant appeals.

STONE & DICK, for appellant.

RAYBURN & BUCK, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

CORPORATIONS, § 516*—*when evidence insufficient to show purchase of stock in reliance on representations of officers.* Evidence *held* sufficient to show plaintiff did not buy certain stock, relying

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on representations as to defendant's solvency and the value of defendant's capital stock made by certain of defendant's officers, in an action to recover money paid on the purchase of such stock.

---

### Eulala McCormick et al., Appellees, v. J. H. Decker et al., Appellants.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Eulala McCormick and others, minors, by their next friend, plaintiffs, against J. H. Decker and others, defendants, to recover damages for injury to plaintiffs' means of support under the Dramshop Act, sec. 9 (J. & A. ¶ 4609). From a judgment for plaintiffs for $1,000, defendants appeal.

Chafee, Chew & Baker, W. H. Nelms and F. P. Drennan, for appellants.

F. M. Guinn and Whitaker, Ward & Pugh, for appellees.

Mr. Presiding Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

1. Intoxicating liquors, § 172*—*when seller liable under Dramshop Act for damages for sale of.* It is not necessary that the intoxicating liquor should be sold in a licensed saloon to render

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.*